UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NUMBER:  19-CV-22779

DINA C. GALDAMEZ,

      Plaintiff,

vs.

OMEL FLOWERS & DESIGN CORP,
MARIA ANDRADE,

      Defendant.

_____/

## **COMPLAINT**
*{Jury Trial Demanded}*

    Plaintiff, DINA C. GALDAMEZ, brings this action against Defendants, OMEL FLOWERS & DESIGN CORP. and MARIA ANDRADE, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and alleges as follows:

    1.  Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 & § 1367.

    2.  At all times material hereto, Plaintiff DINA C. GALDAMEZ, was a resident of Miami-Dade County in the State of Florida and an "employee" of Defendants as defined by the FLSA.

    3.  At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

    4.  At all times material hereto, Defendant, OMEL FLOWERS & DESIGN CORP., was a Florida Corporation with its principal place of business in South Florida, engaged in commerce as a flower shop and performing a variety of services, including the selling of flowers, balloons, and accessories which were goods and/or materials manufactured outside the State of Florida and

moved in or produced for commerce as well as the use of shipping materials and processing of financial transactions across Florida and other State lines throughout the United States, and at all times material hereto was the "employer" of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(s).

5.   The annual gross sales and/or business volume of Defendant OMEL FLOWERS & DESIGN CORP., at all times material hereto, has been in excess of $500,000.00 per annum.

6.   Defendant, MARIA ANDRADE, is a resident of Miami-Dade County, Florida, and was, and now is, the owner and president of Defendant, OMEL FLOWERS & DESIGN CORP., and regularly exercised the authority to hire and fire Plaintiff, determined the manner in which Plaintiff was compensated, determined how Plaintiff's hours worked are tracked or recorded,  set the rates of pay of Plaintiff, and controlled the finances and operations of OMEL FLOWERS & DESIGN CORP. By virtue of such control and authority, MARIA ANDRADE is an employer of Plaintiff within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

7.   Plaintiff DINA GALDAMEZ, worked for Defendants as an hourly floral designer based upon a regular rate of $14.00 per hour.

8.   Between approximately April 2019 and May 2017, Plaintiff's primary duties for Defendants as a Floral Designer were non-exempt in nature, consisting of: (1) filling floral vases with water; (2) unwrapping, cutting, and cleaning flowers; (3) moving unused flowers in buckets into refrigerators; (4) arrange flowers in vases according to customer orders; (5) creating floral arrangement bows; and (6) cleaning the floor, work area, and taking out the garbage.

9.   Between approximately April 2019 and May 2019, Plaintiff worked in excess

2

of Forty (40) hours during one week for Defendants but Defendants failed to pay Plaintiff time and one-half of his applicable regular rate of pay for all of Plaintiff's actual overtime hours worked as well as the regular hours worked.

10.  More specifically, on the week of May 6, 2019 through May 12, 2019, Plaintiff worked Seven (7) days of the week for Defendants with approximate start time of 9:00 a.m. and stop time of varying through 12:00 a.m., and on the week of May 13, 2019 through May 20, 2019 from 9:00 a.m. to 4:30 p.m., but Defendants failed to pay Plaintiff her regular rate and the rate of $22.50 per hour for all of the overtime hours she worked for Defendants.

11.  Based upon Defendants owing Plaintiff a total of approximately Forty-One (41) unpaid overtime hours at the rate of $21.00/hour, and subject to discovery, Plaintiff's unpaid overtime wages total approximately $1,642.50 [$21.00/hour x 41 unpaid overtime hours = $861.00].

12.   Likewise, Defendants also failed to pay Plaintiff for a total of approximately Sixty-Nine (69.00) regular hours she worked for Defendants during two (2) work weeks in May 2019, despite the fact that Plaintiff was entitled to be paid his regular hourly rate of $14.00/hour for each regular hour Plaintiff worked for Defendants, for which Plaintiff is owed $966.00 in regular wages which Defendants have failed and refused to pay to Plaintiff  [69.00 hours x $14.00/hour = $966.00]

13.  Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff between May 2019 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay

time and one-half wages for all of the actual overtime hours worked by Plaintiff in one or more weeks between May 2019 and the present.

14.  At all times material to this Complaint, Defendants had knowledge of the actual hours worked by Plaintiff  between May 2019 and the present, all of which work was for the benefit of Defendants.  Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff with time and one-half wages for all of her actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to her without paying the compensation required by the FLSA.

15.  Based upon information and belief, records of some of the hours worked by Plaintiff between April, 2019 to present are in the possession, custody, and/or control of Defendants.

16.  Based upon information and belief, the complete records reflecting the wages and compensation actually paid by Defendants to Plaintiff between April, 2019 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each and every hour he worked for Defendants in excess of Forty (40) hours for the work week in May, 2019.

19. At all times material to this Complaint, Defendants had actual notice and knowledge that its compensation practices did not provide Plaintiff with time and one-half wages for all of her actual overtime hours worked in May, 2019 and the present based upon, *inter alia*:

(a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff between April, 2019 through May, 2019, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff in one or more weeks between April, 2019 and May, 2019.

20. By reason of the intentional, willful and unlawful acts of Defendants, Plaintiff have suffered damages plus incurring costs and reasonable attorneys' fees.

21. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants were previously the subject of a civil action for alleged violations of the Fair Labor Standards Act by at least two (2) other former employees in 2012 and (1) in 2017—as a result of which Plaintiff are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

22. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

23. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DINA C. GALDAMEZ, demands judgment, jointly and severally, against Defendants, OMEL FLOWERS & DESIGN CORP. and MARIA ANDRADE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## RECOVERY OF UNPAID WAGES UNDER FLORIDA LAW

Plaintiff, DINA C. GALDAMEZ readopts and realleges the allegations contained in Paragraphs 16 above.

24. Between approximately April, 2019 and May, 2019, Plaintiff performed work for Defendants for which he was not compensated at all, despite Defendants accepting the benefits of Plaintiff's work.

25. Pursuant to Florida law, Plaintiff is owed earned but unpaid wages and has suffered damages as a result of Defendants' refusal to pay all of Plaintiff's earned wages.

26. Under the terms of Plaintiff's employment with Defendants, Plaintiff was entitled to be paid $14.00/hour for each hour Plaintiff worked for Defendants between approximately April, 2019 and May 2018. However, based upon Plaintiff being owed Sixty-Nine (69.00) unpaid hours at the rate of $14.00/hour from Defendants, Plaintiff's earned wages due and owing from Defendants under Florida law total $966.00 [69.00 Unpaid hours/week x $14.00/hour = $966.00].

27. Plaintiff has requested Defendants pay her for all of her actual hours worked between approximately April 2019 and May 2019 in the amount of $966.00 but Defendants have failed to make payment to Plaintiff of her earned wages.

28. Plaintiff has retained the undersigned counsel and pursuant to F.S. §448.08, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred as a result of Defendant's failure to pay Plaintiff's wages.

29. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DINA C. GALDAMEZ, demands judgment against Defendants, jointly and severally, OMEL FLOWERS & DESIGN CORP. and MARIA ANDRADE, for the payment of all unpaid wages and related damages, reasonable attorneys' fees and costs, and for all proper relief including prejudgment interest.

Dated: July 5, 2019

Respectfully Submitted,

CASAIS & PRIAS, PLLC.
*Attorneys for Plaintiff*
200 S Biscayne Blvd., Suite 3150
Miami, FL 33131
Telephone:   (305) 722-8015
Facsimile:    (305) 722-8016
E-Mail:         Nadja@casaislaw.com

/s/ Nadja A. Prias
NADJA A. PRIAS
Florida Bar Number:  60932